```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AEROFLEX INCORPORATED,

               Plaintiff,

   -against-

JPMORGAN CHASE & CO.
AND J.P. MORGAN SECURITIES INC.,
               Defendants.
-------------------------------------------------------------x

09 Civ. 9444 (SHS)

STIPULATION AND ORDER
DISMISSING COMPLAINT
WITHOUT PREJUDICE

        WHEREAS, Plaintiff commenced this action (this "Action") by the filing of its Complaint on November 13, 2009;

        WHEREAS, Defendants, by their counsel, informed Plaintiff's counsel by letter, dated December 3, 2009, that Plaintiff is bound by a mandatory "Pre-Dispute Arbitration Agreement" entered into by the parties as of July 14, 2004, in connection with Plaintiff's execution of its "Account Application & Customer Agreement" upon opening its account with Defendant J.P. Morgan Securities Inc.;

        WHEREAS, the Pre-Dispute Arbitration Agreement purportedly requires Plaintiff to arbitrate its claims before the Financial Industry Regulatory Authority ("FINRA") in certain circumstances;

        WHEREAS, Plaintiff is a member of the putative class proposed for certification in the matter currently pending in this Court under the Caption, *O'Gara v. JPMorgan Chase & Co. & J.P. Morgan Securities Inc.*, 09-CV-6199 (S.D.N.Y. July 10, 2009) (the "O'Gara Class Action"); and

        WHEREAS, Defendants by their counsel informed Plaintiff in their December 3, 2009 letter that they will move to compel arbitration should Plaintiff decide

1

to opt out of the putative class in the O'Gara Class Action (or otherwise cease being a member of that class);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, as follows:

(1) This Action shall be dismissed without prejudice to its renewal upon the conclusion of an arbitration proceeding before FINRA solely for the purpose of confirming or vacating any arbitration award.

(2) Any statutes of limitation applicable to the claims asserted by the Plaintiff in this Action which had not expired as of November 13, 2009 (the date on which this Action was effectively commenced) shall be tolled as of that date through the date of Plaintiff's commencement of a FINRA arbitration.

(3) The aforementioned FINRA arbitration shall be commenced no later than ninety (90) days after the sooner occurrence of: (i) Plaintiff's election to opt out of the putative or certified class in the O'Gara Class Action, (ii) this Court's denial of class certification of the putative class in the O'Gara Class Action, or (iii) a determination that Plaintiff is not a member of the class in the O'Gara Class Action as finally certified.

(4) Each party shall bear its own costs and attorneys' fees.

Dated: New York, New York
January 12, 2010

MOOMJIAN, WAITE, WACTLAR & COLEMAN, LLP

By: *[signature]*
Edward S. Wactlar  (ESW-4978)
100 Jericho Quadrangle, Suite 225
Jericho, New York 11753
(516) 937-5900
*Attorneys for Plaintiff*

LEVI LUBARSKY & FEIGENBAUM LLP

By: *[signature]*
Howard B. Levi
1185 Avenue of the Americas
17th Floor
New York, NY 10036
(212) 308-6100
*Attorneys for Defendants*

SO ORDERED: *[signature]*
HON. SIDNEY H. STEIN
U.S.D.J.
Date: Jan. 13, 2010

3